IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80638-CIV-MARRA/MATTHEWMAN

RAYMOND SCHAMIS,

    Plaintiff,
v.

JOSEF'S TABLE, LLC,

    Defendant,
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Josef's Table's ("Defendant") Motion for Judgment on the Pleadings (DE 21) and Defendant's Motion for Summary Judgment (DE 20). The motions are fully briefed and ripe for review. The Court has carefully considered the motions and is otherwise fully advised in the premises.

### I. Background

Plaintiff Raymond Schamis ("Plaintiff"), who is proceeding pro se, brings a Complaint pursuant to the 29 U.S.C. § 201 et. seq (FLSA) against Defendant. According to the Complaint, Plaintiff was an employee of Defendant's, working as a server in Defendant's restaurant. (Compl. ¶ 12, DE 1). During the time of Plaintiff's employment Defendant allegedly failed to pay the minimum wage as required by the FLSA by failing to adhere to the "tip credit" requirements of the FLSA and requirements relating to employee expenses. (Compl. ¶¶ 1, 2). In addition, Defendant allegedly failed to pay minimum wage for mandatory training meetings, and failed to pay minimum wage "during periods of general labor beyond the 20% limit as per the FLSA."

(Compl. ¶¶ 3, 4). With respect to the tip pool, Plaintiff was required to contribute a portion of his tips to the pool, but certain participants in the tip pool were not individuals who customarily and regularly receive tips. (Compl. ¶¶ 14, 15). After Plaintiff filed a written wage complaint, Defendant reduced his shifts. (Compl. ¶ 6). Plaintiff alleges that the Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because Defendant is "an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its employees (including Plaintiff) handle goods (such as food and beverages) that have been moved in or produced in commerce." (Compl. ¶ 11).

Defendant now moves for judgment on the pleadings. In so moving, Defendant contends that the Complaint fails to include allegations to support jurisdiction under the FLSA. Additionally, Defendant argues that the Complaint fails to allege adequately the "general labor" performed by Plaintiff that exempted him from the tip credit. Defendant also argues that the Complaint fails to include allegations about the other employees in the tip pool and Plaintiff's uniform and supply expenses.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustments, Inc.*, 140 F. 3d 1367, 1370 (11th Cir. 1998). In considering a motion for judgment on the pleadings the Court accepts all facts in the complaint as true, and views them in a light most favorable to the nonmoving party. *Id*. The complaint may

not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Slagle v. ITT Hartford*, 102 F. 3d 494, 497 (11th Cir. 1996).

### III. Discussion

Turning to the allegations relating to jurisdiction, the Court notes that Plaintiff alleges that Defendant is an "enterprise engaged in commerce which acted in the interest of an employee with respect to Plaintiff" and "is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its employees (including Plaintiff) handle goods (such as food and beverages) that have been moved in or been produced in commerce." (Compl. ¶¶ 10, 11). There are two possible types of FLSA coverage: "enterprise coverage" and "individual coverage." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). The FLSA defines an enterprise engaged in commerce or the production of goods in commerce as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000....

29 U.S.C. § 203 (s)(1)(A)(i)-(ii). For individual coverage to apply under the FLSA Plaintiff must prove that he was "(1) engaged in commerce or (2) engaged in the production of goods in commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

Plaintiff's Complaint fails to allege that Defendant has an annual sales gross of $500,000 or more. Plaintiff does state in his response memorandum that individual coverage applies.

3

Plaintiff's argument appears to be that because credit card transactions take place at Defendant's business, individual coverage should apply. Plaintiff, however, has not alleged that he personally engaged in credit card transactions. The Court will permit Plaintiff to amend his complaint to allege the $500,000.00 requirement, facts supporting individual coverage or both if appropriate.[1]

Next, the Court will address the allegations relating to Plaintiff as a tipped employee. Section 531.56 (a) and (e) of Title 29 Code of Federal Regulations respectively state in their relevant parts that:

> In general. An employee who receives tips, within the meaning of the Act, is a "tipped employee" under the definition in section 3(t) when, in the occupation in which he is engaged, the amounts he receives as tips customarily and regularly total "more than $30 a month." An employee employed in an occupation in which the tips he receives meet this minimum standard is a "tipped employee" for whom the wage credit provided by section 3(m) may be taken in computing the compensation due him under the Act for employment in such occupation, whether he is employed in it full time or part time. An employee employed full time or part time in an occupation in which he does not receive more than $30 a month in tips customarily and regularly is not a "tipped employee" within the meaning of the Act and must receive the full compensation required by its provisions in cash or allowable facilities without any deduction for tips received under the provisions of section 3(m).

> Dual jobs. In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or

---

[1] Defendant relies on *Thorne* to argue that "[Plaintiff] cites no binding authority which holds that credit card transactions constitute an instrumentality of interstate commerce." 448 F.3d at 1267. *Thorne*, however, did not foreclose the possibility that credit card transactions can constitute interstate commerce. Instead, *Thorne* rejected credit card transactions as a basis for jurisdiction because the plaintiff "did not produce sufficient evidence of interstate transactions." *Id*.

Case 9:12-cv-80638-KAM  Document 36  Entered on FLSD Docket 07/26/2013  Page 5 of 6

glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

Although the Complaint alleges that Defendant did not comply with the FLSA's requirements for tipped employees, the Complaint fails to provide the necessary facts to support the claim. Specifically, Plaintiff must allege the non-tipped duties he performed that would prevent Defendant from applying the tip credit. *See generally Pellon v. Bus. Representation Intern, Inc.*, 528 F. Supp. 2d 1306 (S.D. Fla. 2007).

Finally, the Court finds that Plaintiff's allegations regarding the invalid tip requires additional facts. Although Plaintiff does allege that the tip pool is invalid because "certain tip pool participants were not individuals who customarily and regularly receive tips," (Compl. ¶ 15) Plaintiff must allege additional facts such as those employees' job titles and duties. Likewise, the allegations regarding Plaintiff's uniform and equipment expenses are equally inadequate. Plaintiff makes no allegations that he actually purchased the uniform or equipment that was required by Defendant.

Although the complaint suffers from pleading deficiencies, the Court will permit Plaintiff leave to amend to correct these inadequacies. *See Hines v. Wainwright*, 539 F.2d 433 (5th Cir. 1976)[2] (vacating a district court's judgment on the pleadings, and allowing a pro se plaintiff the opportunity to amend his complaint). Should Plaintiff wish to amend, he must act in good faith

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

and consistent with Rule 11.  Thus, Plaintiff must have a good faith basis for any additional allegations that are made.

### IV. Conclusion

Accordingly, it is therefore **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Judgment on the Pleadings (DE 21) is **GRANTED** with leave for Plaintiff to amend his complaint. Plaintiff will have **20 days** from the date of entry of this Order to file his amended complaint, and if he elects to do so, Defendant may file an amended answer.

2) Defendants Motion for Summary Judgment (DE 20) is **DENIED WITHOUT PREJUDICE**.   Defendant may renew the motion, when appropriate, as to the amended complaint.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of July, 2013.

_____
KENNETH A.  MARRA
United States District Judge