UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80638-CIV-MARRA

RAYMOND SCHAMIS,

Plaintiff,

vs.

JOSEF'S TABLE, LLC,

Defendant.
_____/

### OPINION AND ORDER[1]

This cause is before the Court upon Defendant Josef's Table's ("Defendant") Amended Motion to Dismiss Plaintiff's Amended Complaint (DE 58).  The motions are fully briefed and ripe for review.  The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. Background

On July 26, 2013, the Court granted Plaintiff, who is proceeding pro se, leave to amend his Complaint to remedy various pleading deficiencies.  Specifically, the Court gave Plaintiff leave to allege the $500,000 jurisdictional requirement under 29 U.S.C. § 201 et seq. (FLSA) and facts supporting individual coverage. In addition, the Court informed Plaintiff that he must allege the non-tipped duties he performed to prevent Defendant from applying the tip credit as well as facts, such as job titles and duties, that make the tip pool invalid.  (DE 36.)  The Court also found that Plaintiff's allegations regarding the uniform and equipment expenses were inadequate.

Plaintiff now brings this Amended Complaint. (DE 37.)   According to those allegations,

---

[1] Familiarity with prior Orders is presumed.

Plaintiff worked for Defendant as a server and tipped employee who was engaged in the production of goods for commerce. (Am. Compl. ¶ 2.) Plaintiff engaged in the production of goods in commerce selling food and beverages to customers of Defendant. He collected payment for goods and services using interstate credit card transactions processed through Defendant's point of sale system and received tips from those interstate credit card transactions. (Am. Compl. ¶ 6.) Plaintiff and class members are "individually covered employees within the meaning of FLSA." (Am. Compl. ¶ 8.)

Defendant is "engaged in interstate commerce." Defendant purchases and resells food and beverage products imported from other states and countries. Defendant also conducts interstate credit card transactions for payment of goods and services. Defendant has an annual volume of sales in excess of $500,000 and is covered under enterprise coverage. (Am. Compl. ¶ 10.)

Defendant required Plaintiff and other class members to perform non-tipped general preparation and/or maintenance as incidental duties in excess of 20% of their time at work and they were not paid at least the full hourly minimum wage while performing such duties. (Am. Compl. ¶ 34.) Non-tipped duties that were incidental to their tipped occupation in excess of 20% of their work week included setting tables, polishing silverware, setting up service areas, polishing glasses, preparing ice buckets, sorting silverware and stocking service supplies. (Am. Compl. ¶ 35.) Non-tipped duties that were not incidental to their tipped occupations included cleaning woodwork and kitchen doors, stocking paper supplies in the bathroom, checking bathroom cleanliness, organizing outdoor storage, sweeping floors, applying sound reducing padding to tables, dusting and changing light bulbs in light fixtures, cleaning chair legs,

redistributing and reorganizing chairs, distributing linen deliveries, organizing linen closets, moving liquor and wine deliveries, organizing and cleaning the wine room, dusting wine bottles and taking menu and wine knowledge tests. (Am. Compl. ¶ 37.)  Tipped employees would be scheduled as early as 2:30 p.m. and spend multiple hours standing until customers arrived and were often sent home without any tip producing opportunities.  Lunch shifts were often spent without any tip producing opportunities during the entire shift. (Am. Compl. ¶ 38.)  Total non-tip producing hours are estimated to be 40% of work week. (Am. Compl. ¶ 39.)

Defendant never notified tip employees of the specific requirements of the tip pool. (Am. Compl. ¶ 46.)  Food runners and server assistants were not paid the tips they earned.  They earned tips from servers and customers they individually assisted, but were required to share those tips with other members of the tip pool who did not earn those tips.  Defendant pooled all money from server assistants and food runners and split it equally among all server assistants and food runners.  (Am. Compl. ¶ 47.)  Ineligible employees also participated in the tip pool (Am. Compl. ¶ 48.)

At the end of the shift, tipped employees owed Defendant money for customer checks paid in cash.  The cash amounts due to the restaurant were rounded up and the servers were required to pay a portion of their cash tips to supplement the rounded off totals, thus allowing Defendant to keep a portion of the employees' tips.  If no cash tip was received, the server had to pay the rounding out amount regardless. (Am. Compl. ¶ 49.)  Plaintiff was not paid the tips that were charged, as opposed to those paid in cash, until the regular scheduled pay day as opposed to the day earned. (Am. Compl. ¶ 50.)

Defendant supplied Plaintiff with one uniform but also required Plaintiff to purchase

specific uniforms. (Am. Compl. ¶¶ 54-55.) The purchase and maintenance of the uniforms caused Plaintiff to incur expenses which reduced pay below minimum wage. (Am. Compl. ¶ 57.)

Plaintiff submitted a written wage complaint on April 20, 2012 and, following a meeting, Defendant eliminated three out of his four previously scheduled work shifts. (Am. Compl. ¶¶ 59-60.) Plaintiff resigned and his final paycheck was held in demand for return of the uniform. (Am. Compl. ¶¶ 62, 64.)

Defendant now moves to dismiss the Amended Complaint. Defendant argues the Amended Complaint is a shotgun pleading and that it fails to allege properly either enterprise or individual coverage under the FLSA. Defendant also argues that the counts regarding the alleged tip pool violations and the uniform expenses fail to state a claim. Lastly, Defendant contends the retaliation claim fails to state a claim.

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

The Court begins by noting that the Amended Complaint does not constitute a shotgun pleading. Indeed, in those cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364,366 (11th 1996).   Although several counts of the Amended Complaint do incorporate by reference all of the preceding allegations, the Court finds the claims are sufficiently definite to enable Defendant to know with what it is charged and to enable Defendant to respond to the allegations.

The overtime provisions of the FLSA cover enterprises engaged in commerce or in the production of goods for commerce as well as employees who themselves are either engaged in commerce or in production of goods for commerce. See 29 U.S.C. § 207(a)(1).  For individual coverage to apply under the FLSA, Plaintiff must be able to show that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce.  For example, at trial, Plaintiff will be required to demonstrate that he "directly participate[d] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate

commerce, ... or (ii) by regularly using the instrumentalities of interstate commerce in his work...." Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).  For enterprise coverage to apply, the enterprise must be engaged in commerce and its gross sales must exceed $500,000 annually.  See 29 U.S.C. §§ 207(a)(1); 203(s)(1)(A).

     Here, Plaintiff has properly pled enterprise coverage by alleging Defendant has an annual gross sales volume of over $500,000.  Defendant complains, however, that the Amended Complaint does not state how many employees work for Defendant.  While Defendant is correct that the Amended Complaint does not specifically state that there are more than two employees, the Amended Complaint does indicate that there are numerous servers, food runners and server assistants working in the restaurant.  Thus, the Court finds that enterprise coverage is properly alleged.

     With respect to individual coverage, Plaintiff alleges that he sold food and beverages to Defendant's customers.  Defendant contends that serving and selling food is insufficient to satisfy the individual coverage test unless Plaintiff alleges that the goods continued to move in interstate commerce.  The Court agrees that "handling goods ... that have previously traveled in interstate commerce does not constitute engaging in interstate commerce."  Villafana v. Feeding South Florida, Inc., No. 13–60760–CIV, 2013 WL 2646729, at * 2 (S.D. Fla. June 12, 2013) (citing Joseph v. Nichell's Caribbean Cuisine, Inc., 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012)). In order to plead individual coverage, a plaintiff must at least allege that the goods continued to move in interstate commerce after he handled them. See Martinez v. Palace, 414 F. App'x 243 (11th Cir. 2011) (affirming ruling that restaurant cook was not engaged in commerce for purposes of individual coverage under the FLSA even if he handled food products and tools that

had traveled in commerce); Lopez v. Top Chef. Inv., Inc ., No. 07–21598–CIV, 2007 WL 4247646, at * 2 (S.D. Fla. Nov. 30, 2007) (finding no individual coverage for a cook at a local restaurant because he did not allege that the food later returned to interstate commerce.).

Plaintiff also alleges that he personally engaged in interstate credit card transactions to collect payment of goods and services.  He does not allege that he used credit cards to transact business in interstate commerce.  Defendant points to authority that processing credit card transactions for goods purchased locally does not satisfy the requirement of individual coverage. See Thorne v. , 448 F.3d at 1266 (the plaintiff's belief that a credit card he used to purchase local goods was processed across state lines was not sufficient evidence of engagement in interstate commerce);Marckenson v. LAL Peker, LLC, No. 1:11–cv–22617–KMM, 2011 WL 5023422 (S.D. Fla. Oct. 19, 2011) (declining to find the plaintiff's conduct amounted to interstate commerce when he processed credit cards for goods purchased locally); Dent v. Giamio, 606 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009) ("To be considered 'engaged in interstate commerce' a business must use a credit card specifically to transact business in interstate commerce.")  Given that the allegations do not demonstrate engagement in interstate commerce, the Court finds that Plaintiff has not properly alleged individual coverage.

Next, the Court rejects Defendant's argument that Plaintiff's allegation that his non-tipped duties exceeded 20% of his time is insufficient to state a cause of action.  In making this argument, Defendant claims that the tasks identified in the Amended Complaint fall within "core" tasks of Plaintiff's tipped occupation and therefore the Amended Complaint does not, as a matter of law, state a claim for a violation of the tip credit.  The Court finds that, at the motion to dismiss stage, the Court cannot make this determination as it requires the benefit of a factual

record.  Indeed, the case Defendant relies heavily upon arises at the summary judgment stage and is therefore inapposite.[2]  See Pellon v. Business Representation Intern., Inc., 528 F. Supp. 2d 1306 (S.D. Fla. 2007).

Defendant also seeks dismissal of the claim based on uniform expenses.  In doing so, Defendant relies upon Smith v. Pizza Hut, Inc., 694 F. Supp. 2d 1227 (D. Col. 2010).  In that case, the Court rejected Plaintiff's claim, at the motion to dismiss stage, because "black dress pants" and "restaurant-quality non-slip shoes" do not constitute a "uniform."  Id. at 1230.  In support, Smith cited to Department of Labor Wage and Hour Opinion Letter FLSA2008–4 (May 15, 2008) and Field Operations Handbook ("FOH") § 30c12(f)(1)a.  Id.  The Court has examined these documents and notes that they both state that whether the clothing required to be worn at work is a uniform is a question of fact to be considered in the context of a particular case.  For this reason, the Court chooses not to rely upon Smith.  Instead, the Court will make this decision upon a complete record.

Lastly, the Court addresses the claim for retaliation.  "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) he engaged in activity protected under the act; (2) he subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action."  Wolf v. Coca-Cola Co., 200 F.3d 1337, 13342-43 (11th Cir. 2000).  Defendant moves to dismiss, claiming that the alleged reduction in work hours does not constitute a constructive discharge,

---

[2] In relying on Pellon, Defendant states the "Eleventh Circuit rejects the DOL Field Operations handbook regarding the 20% guidance." (Mot. at 11.)  The Court finds this statement to be misleading.  While the Eleventh Circuit affirmed Pellon, it did not affirmatively state it rejected the 20% guidance.

especially when the record shows that no employee was entitled to a particular shift or number of hours.  The Court finds, however, that the clam is properly pled and Defendant's argument is best addressed at the summary judgment stage where the Court will have a full record to consider.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Josef's Table's ("Defendant") Amended Motion to Dismiss Plaintiff's Amended Complaint (DE 58) is **DENIED**. The Court notes that Plaintiff is now proceeding under enterprise coverage only.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of April, 2014.

_____
KENNETH A. MARRA
United States District Judge